IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| PAUL DONALD DAVIS and KATHY DAVIS, | : | |
| Plaintiff, | : | |
| v. | : | No. 3:18-CV-134 (CAR) |
| OFFICERS PAUL WALLER, SHAUN BROWDER, SCOTT WALDROUP, and ANDREW DRAKE | : | |
| Defendant. | : | |

## ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs Kathy Davis and Paul Donald Davis ("Don") filed this 42 U.S.C. § 1983 suit against four law enforcement officers—Defendants Paul Waller and Shaun Browder of the Georgia State Patrol, and Scott Waldroup and Andrew Drake of the Oglethorpe County Sheriff's Department—alleging violations of Don's constitutional rights after he was shot several times while the officers were attempting to apprehend a violent felon. Kathy also asserts a claim for loss of consortium under Georgia law against all Defendants. Defendants Waller and Browder now move for judgment on the pleadings as to Kathy's loss of consortium claim. Having considered the pleadings, the parties'

arguments, and relevant legal authority, Defendants' Motion for Judgment on the Pleadings [Doc. 8] is **GRANTED**.

## BACKGROUND

The facts alleged by Plaintiffs in their Complaint are long, complicated, and for the most part, irrelevant to the disposition of this Motion. In short, a man named William Edgar Ryan Arnold fled from the police and ended up in the logging camp where Don was working. At gun point, Arnold took Don hostage in Don's logging truck and ordered Don to drive him through the barricade police had created at the entrance to the logging camp. Plaintiffs allege that "Officer Paul Waller, Officer Shaun Browder, Officer Scott Waldroup and Officer Andrew Drake began firing their weapons with wild abandon at the driver's side of the tractor-trailer from very close range," and, as a result, "[t]he driver, Don Davis, was struck six times. His right hand was virtually blown off, and he was struck in the leg, shoulder, and buttocks."[1]

Plaintiffs sued the four officers in their individual capacities alleging they violated Don's constitutional rights pursuant to 42 U.S.C. § 1983 and asserting a loss of consortium claim on behalf of Kathy. Defendants Waller and Browder now seek to dismiss Kathy's loss of consortium claim arguing it is barred by Georgia law. Since this Motion was

---

[1] Complaint, [Doc. 1, p. 15].

brought only by Defendants Waller and Browder, henceforth "Defendants" refers only to Waller and Browder.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings" pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[2] "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."[3] Thus, the standard of review for a motion for judgment on the pleadings is "almost identical to that used to decide motions to dismiss."[4]

When considering a motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff, the non-movant.[5] However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations."[6] A complaint will survive judgment on the pleadings if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]

---

[2] Fed. R. Civ. P. 12(c).
[3] *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (internal quotation omitted).
[4] *Doe v. Bd. of Cnty. Comm'rs*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992).
[5] *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).
[6] *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011) (internal quotation omitted).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

In their Motion, Defendants make several arguments for dismissal, most of which warrant no discussion.[8] In fact, the only argument this Court needs to address is that the Georgia Torts Claims Act, O.C.G.A. § 50-21-20 et seq. ("GTCA"), bars Kathy from bringing her loss of consortium claim against these Defendants. The Court agrees that it does.

Kathy brings her loss of consortium claim as a pendant state law claim pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.[9] Loss of consortium is a state law tort claim,[10] and state law claims are governed by state law.[11] Kathy asserts her loss of consortium claim against employees of the State—Georgia State Patrol Officers—in their individual capacities.

---

[8] For example, Defendants unnecessarily assert a lack of standing argument against a *federal* loss of consortium claim Plaintiff does not bring. It is clear from Plaintiff's Complaint that she brings her loss of consortium claim under state law. In addition, Defendants' failure-to-state-a-claim and sovereign immunity arguments are clearly without merit. Plaintiff has pled sufficient factual matter to "state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted), and "sovereign immunity does not erect a barrier against suits to impose individual and personal liability." *Lewis v. Clarke*, 137 S. Ct. 1285, 1291, 197 L. Ed. 2d 631 (2017) (internal quotations and citation omitted). Finally, the Court need not address Defendants' argument that Plaintiff's claim is barred by the GTCA's ante litem notice requirements, since she cannot bring this claim in federal court in the first place.

[9] Complaint, [Doc. 1, p. 32-33].

[10] *Burroughs v. Georgia Ports Auth.*, 339 Ga. App. 294, 296 n.3 (2016) (citing *Dillingham v. Doctors Clinic, P.A.*, 236 Ga. 302 (1976)).

[11] "In civil actions in federal court, state law applies to any issue not governed by federal law." *Kell v. Smith*, 743 F. App'x 292, 294 (11th Cir. 2018) (citing 28 U.S.C. § 1652; *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1148 (11th Cir. 2010)).

Under Georgia law, tort claims against the State and state employees are governed by the GTCA which constitutes "the exclusive remedy for any tort committed by a state officer or employee."[12] Under the GTCA, state employees are immune from individual liability for torts committed while acting within the scope of their official duties or employment; instead the State must be substituted as the defendant.[13] When the State is substituted as the defendant, the GTCA creates only a narrow waiver of sovereign immunity through which plaintiffs can sue the State for torts committed by state actors. Suits in federal court, however, are not part of that waiver. The GTCA expressly provides that "[t]he state does not waive any immunity with respect to actions brought in the courts of the United States."[14] Accordingly, under the GTCA, Defendants are immune from tort liability, and the State of Georgia cannot be sued for state law torts in federal court. Therefore, Kathy's loss of consortium claim is barred by the GTCA.[15]

Plaintiffs first argue that the GTCA does not apply to Kathy's claim because Defendants' actions exceeded the scope of their employment, and the GTCA does not

---

[12] O.C.G.A § 50-21-25(a).
[13] O.C.G.A § 50-21-25(a), (b).
[14] O.C.G.A § 50-21-23(b).
[15] "Though the statute provides that the state government entity must be substituted as the party defendant if the individual state actor is named, the GTCA only waives the state's sovereign immunity for tort suits brought in Georgia state courts and preserves its immunity for tort suits brought in the courts of the United States. O.C.G.A. § 50–21–23(b); *see also Alyshah v. Georgia,* 239 F. App'x 473, 474 (11th Cir.2007). Thus, the Plaintiff's state law tort claims fail as a matter of law." *Johnson v. Holt*, No. 5:14-CV-380 MTT, 2015 WL 853952, at *4 (M.D. Ga. Feb. 26, 2015).

apply to actions that occur outside the scope of official duties or employment.[16] This argument, however, is unpersuasive. In their Complaint, Plaintiffs allege that Defendants shot Don while they were attempting to apprehend a violent criminal;[17] apprehending criminals is clearly within the scope of employment of a law enforcement officer. As Defendants point out, Georgia courts construe the GTCA's "scope of [a state officer or employee's] official duties or employment" very broadly.[18] Indeed, Georgia courts have held that it "include[s] unauthorized tortious acts that occur during the time the officer or employee is engaged in performance of his official duties" such as an officer beating an inmate or sexually assaulting a woman at a traffic stop.[19] Thus, even if shooting Don was an unauthorized tortious act, Defendants were clearly "engaged in the performance of their official duties"[20] when the shooting occurred, and their actions are covered by the GTCA.

Plaintiffs contend that Defendants' exceeded the scope of their official duties because shooting an unarmed man violates clearly established Fourth Amendment law. Plaintiffs, however, conflate the analysis governing a § 1983 claim with the analysis

---

[16] O.C.G.A § 50-21-25(a).
[17] Complaint, [Doc. 1, p. 5-15].
[18] O.C.G.A § 50-21-25(a).
[19] *Tootle v. Cartee*, 280 Ga. App. 428, 431 (2006) (citing *Mattox v. Bailey*, 221 Ga. App. 546, 472 S.E.2d 130 (1996); *Davis v. Standifer*, 275 Ga. App. 769 (2005)).
[20] *Id*.

governing a state law tort claim under the GTCA.[21] Kathy's loss of consortium claim is a state law tort against state actors that is governed by the GTCA.[22] Plaintiffs cite no law—and the Court has found none—holding that a loss of consortium claim derived from a § 1983 claim somehow becomes a federal claim or is no longer subject to the state law that governs it. Although loss of consortium claims are dependent on an underlying tortious injury, "'Georgia law has long recognized the separate nature of the right of action for loss of consortium.... A suit by a husband for personal injuries, and a suit by his wife for loss of consortium, are separate and distinct claims for relief[.]'"[23] Here, the GTCA bars Kathy's state law loss of consortium claim against these state employee Defendants.

## CONCLUSION

Because Georgia law bars Kathy Davis's loss of consortium claim against these Defendants, it must be dismissed. Defendant's Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff Kathy Davis's loss of consortium claim against Defendants Waller and Browder is hereby **DISMISSED**.

---

[21] *See Tootle*, 280 Ga. App. at 431 (explaining that a plaintiff may have a claim under 42 USC § 1983, "notwithstanding the existence of state tort immunity under the GTCA[.]").

[22] In *Burroughs*, the Georgia Court of Appeals clearly found loss of consortium claims against state actors were governed by the GTCA. The *Burroughs* court stated that it was unclear as to whether loss of consortium was a tort for which immunity was waived under the GTCA, but it held that regardless, the plaintiff's loss of consortium claim against the Georgia Port Authority was barred as it was brought past the GTCA's two-year statute of limitations, and was not subject to the general four-year statute of limitations for loss of consortium provided by Georgia's personal injury statute. 339 Ga. App. at 297.

[23] *Huddle v. Heindel*, 347 Ga. App. 819, 826 (2018) (quoting *White v. Hubbard*, 203 Ga. App. 255, 256 (1992)).

**SO ORDERED,** this 17th day of May, 2019.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
