IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| PAUL DONALD DAVIS and KATHY DAVIS, | : : : |
| Plaintiffs, | : : |
| v. | : : |
| | : No. 3:18-CV-134 (CAR) |
| OFFICERS PAUL WALLER, SHAUN BROWDER, SCOTT WALDROUP, and ANDREW DRAKE, | : : : : |
| Defendants. | : : : |

## ORDER ON PLAINTIFFS' MOTION TO VACATE TAXATION OF COSTS

Currently before the Court is Plaintiffs Paul and Kathy Davis' Motion to Vacate Taxation of Costs. On March 31, 2023, the Court entered an order staying taxation of costs pending Plaintiffs' petition to the Supreme Court for a writ of certiorari. On May 2, 2023, the Supreme Court denied Plaintiffs' petition. For the reasons discussed, Plaintiffs' Motion [Doc. 83] is **GRANTED**, and the taxation of costs entered by the Clerk [Doc. 81] is **VACATED**.

1

In the Motion, Plaintiffs request the Court vacate the Clerk's taxation of costs to Defendants Waller and Browder in the amount of $9,775.12 due to their financial status.[1] Federal Rule of Civil Procedure 54(d)(1) governs the taxation of costs and states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[2] The Middle District of Georgia's Local Rule 54.2 is in accord: "The clerk of the court shall tax costs as authorized by the law in all civil cases."[3]

But district courts within the Eleventh Circuit have held that a "trial court has discretion to disallow or reduce the costs allowed to the prevailing party when the parties are unevenly matched in size and resources and where the losing party conducted the litigation in good faith."[4] Defendants acknowledge that "[t]hey do not doubt that Plaintiffs brought this case without malice and desired simply to be compensated for injuries suffered."[5] The Court agrees.

Interpreting the language of Fed. R. Civ. P. 54, the Eleventh Circuit held the "language creates a presumption in favor of awarding costs to the prevailing party which

---

[1] Taxation of Costs as to Defendants Waller and Browder, [Doc. 81].
[2] Fed. R. Civ. P. 54(d)(1).
[3] Middle District of Georgia's Local Rule 54.2.
[4] *Am. Key Corp. v. Cumberland Assocs.*, 102 F.R.D. 496, 498 (N.D. Ga. 1984).
[5] Defendants' Response, [Doc. 88] at p. 2.

[the non-prevailing party] must overcome."[6] "While the rule does not prevent a trial court from requiring a prevailing party to bear its own costs, 'the language of the rule reasonably bears intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption. . . . [since] denial of costs … is in the nature of a penalty for some defection on his part in the course of the litigation.'"[7] Thus, "[t]he rule in this circuit is that where the trial court denies the prevailing party its costs, the court must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power."[8]

Here, the record establishes that Plaintiffs cannot pay the costs taxed by the Clerk due to their financial status. In his affidavit, Paul Davis states he has incurred significant medical expenses, which exceeded his insurance coverage, as a result of the events forming

---

[6] *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing *Coyne-Delany Co., Inc. v. Capital Development Board of Illinois*, 717 F.2d 385 (7th Cir.1983)); See also *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) ("Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs.").

[7] *Gilchrist v. Bolger*, 733 F.2d 1551, 1556-57 (11th Cir. 1984) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir.1977); *Popeil Brothers, Inc. v. Schick Electric, Inc.*, 516 F.2d 772, 775 (7th Cir.1975)).

[8] *Id*; *see also Baez v. United States Dept. of Justice*, 221 U.S. App. D.C. 477, 684 F.2d 999, 1004 (D.C.Cir.1982) (en banc) ("Every circuit that has considered the question (ten out of twelve) has not only recognized the presumption [that prevailing parties will obtain costs], but has held that a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.").

the factual basis of this case.[9] Furthermore, his injuries prevented him from working, and his "inability to work has had a devastating effect on [his] ability to provide for [his] family."[10] Paul Davis' sole monthly income is $1,230.00 in social security disability benefits.[11] Kathy Davis' approximate monthly income from her retirement, social security benefits, and part time job is $3,265.14.[12] Thus, Plaintiffs' joint monthly income is approximately $4,500.00. In addition to their own expenses, Plaintiffs' son and grandchildren recently moved into their home following their son's divorce.[13]

This case is undoubtedly tragic. While Plaintiffs did not prevail in this case, the Court acknowledges that Paul Davis sustained life-altering injuries through no fault of his own and now must live with the resulting effects. Here, Plaintiffs carried their burden of showing they are unable to pay the $9,775.12 in costs due to their financial status. Plaintiffs' fixed income, bank records, and average expenses demonstrate their inability to pay costs.[14] Furthermore, the Court finds both the tragic circumstances of this case and Plaintiffs' demonstrated good faith in pursuing their claims would make imposing any

---

[9] Affidavit of Paul Davis ("Davis Aff."), [Doc. 86] at ¶ 2-4.
[10] *Id*. at ¶ 5-6.
[11] *Id*.
[12] *Id*. at ¶ 7; Kathy Davis' Income [Doc. 86-2].
[13] *Id*. at ¶ 11.
[14] *See generally*, Davis Aff. Exhibits, [Docs. 86-1-86-6]. From December 14, 2022 to January 17, 2023, the Davis' bank account balance ranged from $2,484.28 to $157.20.

further hardship unjust. Thus, Plaintiffs' Motion [Doc. 83] is **GRANTED**, and the taxation of costs entered by the Clerk [Doc. 81] is **VACATED**.

**SO ORDERED,** this 16th day of May, 2023.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
